127 N. Y. 657; Looram *v.* T. A. R. R. Co., 57 Supr. 165; Ring *v.* City of Cohoes, 77 N. Y. 83; Ivory *v.* Town of Deerpark, 116 Id. 476; Malone *v.* B. & A. R. R. Co., 51 Hun, 532; Coppins *v.* N. Y. C. & H. R. R. R. Co., 48 Id. 292; Ehrgott *v.* Mayor, etc. 96 N. Y. 264; Taylor *v.* City of Yonkers, 105 Id. 202; Williams *v.* D., L. & W. R. R. Co., 39 Hun, 430; Reiper *v.* Nichols, 31 Id. 491; Looram *v.* Third A. R. Co., 57 Supr. 165.

PETER C. ANTHONY, Appellant, *v.* LEOPOLD WISE *et al.*, Respondents.

*Court of Appeals, December 22, 1891.*

*Estoppel. Assignment.*—A claimant who has sworn, in an action by the assignee against the debtor, that he made the assignment in good faith and absolutely, is estopped from subsequently denying that said claim was the absolute property of his assignee as against an assignee of the latter.

Appeal from a judgment of the general term of the supreme court, first department, affirming a judgment, entered upon a decision on a trial at the New York special term.

*A. J. Skinner*, for appellant.

*J. H. V. Arnold*, for respondents.

HAIGHT, J.—The plaintiff was a resident of New Jersey and held a disputed claim for $500 against the defendants, Leopold Wise and Charles Wise. This claim he assigned to the defendant, John Gillen, who brought suit thereon in the city court of New York and recovered judgment. An appeal was taken to the general term of that court, where there was an affirmance and an additional judgment for costs. A further appeal was then taken to the court of common pleas, and whilst such appeal was pending, Gillen, in consideration of the sum of twenty-five dollars, assigned and transferred the judgments to the defendant, Marcus Wise, who

purchased the same for and on behalf of the defendants, Leopold and Charles Wise, and at their request, but subject, however, to attorneys' liens for costs amounting to about $200.

The plaintiff herein, claiming to be the owner of the judgments, brings this action to have the conveyance by Gillen to Marcus Wise adjudged fraudulent, and that he be compelled to reassign the judgments to the plaintiff.

The assignment of the claim by the plaintiff to Gillen was in consideration of the payment of one dollar, which payment was waived. The good faith of this transfer was questioned upon the trial of the Gillen action, and the plaintiff then testified that he had assigned the claim to Gillen *bona fide* and absolutely.

Upon the trial of this action he admitted that he so testified upon the trial of the former action, and further stated that he understood, in case he brought the action in his own name, that he would have to give security for costs; that he did not like to ask any one to become bondsman for him, and that that was the reason he made the assignment; that he considered himself good; that he was informed and believed that Gillen was insolvent and worthless; that he thought that if Gillen failed to recover judgment upon the claim, and a judgment for costs should go against him, not a dollar of it could be collected.

Whatever equities may exist as between the plaintiff and Gillen we quite agree with the learned general term that the plaintiff, by his own testimony, is estopped from denying that the claim was the absolute property of Gillen.

It is claimed, however, that after the trial and after the jury had rendered a verdict that then the plaintiff repurchased the claim from Gillen, paying him fifteen dollars therefor. The plaintiff so testifies, and that upon the payment of the money Gillen " said that the claim was mine. I could have it. He said he would make an assignment any time I asked it."

Subsequently, however, when an assignment of the judgments was presented to Gillen to be executed he refused to sign the same.

There is evidence that corroborates the plaintiff to some extent, but it is sharply controverted by the testimony of Gillen. Whilst he admits that he received on one occasion fifteen dollars, and on another occasion one dollar, he denies that there was any conversation after the recovery of the judgment or after the jury came in with the verdict, in which he sold or agreed to assign the claim or the judgment to the plaintiff.

Upon this conflict in the testimony the trial court has found that the allegation of the plaintiff to the effect that he was the owner of the judgments was not sustained by the evidence, and refused to find that there was a parol assignment of the judgments.

This conclusion has been approved by the general term, and such finding must in this court be regarded as final.

If the plaintiff was neither the legal nor equitable owner of the judgments in question, he is not in a position to maintain the action. It will not, therefore, be necessary to consider the other questions discussed by the appellant.

The judgment should be affirmed, with costs.

All concur.